RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  11 / 7 / 06
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

Dr. CARLTON L. WINBERY, ET AL    CIVIL ACTION NO. 06-1254

VERSUS    U.S. DISTRICT JUDGE DEE D. DRELL

LOUISIANA COLLEGE, et al    U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is plaintiffs' Motion to Remand, [document # 15], referred to me by the district judge for Report and Recommendation.

Plaintiffs are former members of the faculty at Louisiana College, a private Baptist college affiliated with the Louisiana Baptist Convention, an organization comprised of Louisiana Baptist churches. Plaintiffs claim in their complaint that defendants, who are alleged to be affiliated with the "fundamentalist" wing of the religion, have made defamatory statements about plaintiffs, have been guilty of intentional and negligent infliction of emotional distress, have breached contracts with the plaintiffs, violated the Louisiana College bylaws and faculty handbook, and have violated principles of academic freedom of plaintiffs and of other faculty members.

The case proceeded in state court until a ruling was made by the Louisiana State District Judge, F. Rae Swent, on exceptions of no cause of action as to certain of the alleged claims.

Specifically, Judge Swent ruled, in pertinent part, that:

> The Exceptions of No Cause of Action as to the claims of Intentional and/or Negligent Infliction of Emotional Distress are denied. The Exceptions of No Cause of Action and to the claims of Violation of Academic Freedom, Violation of by-laws and Faculty Handbook are referred to the merits.

Within 30 days thereafter, defendants filed a Notice of Removal in this court asserting that "[t]o the extent plaintiffs are attempting to assert a violation of academic freedom claim under the First Amendment of the United States Constitution, defendants seek removal of this litigation." Defendants assert in the Notice of Removal that the state court's ruling adds a claim that was not pleaded in either of the Petitions, "violation of academic freedom".

Plaintiffs have filed this Motion to Remand arguing that the removal came too late, that is more than 30 days after defendants had notice of the claim, and that in any event, the claims for violation of academic freedom had been set forth in plaintiffs' original complaint, *ad nauseam*.

## Discussion and analysis

Defendants argue that Judge Swent's ruling constitutes an "other paper" under 28 U.S.C. 1446(b) permitting them to timely remove the case. They argue that, before the ruling, they did not know that academic freedom was at issue in the case. Apparently they conclude that the academic freedom claim is necessarily a federal constitutional claim and thus federal question jurisdiction

2

is available.

It is clear that plaintiffs' claims of violation of their academic freedom was not a claim added by the state judge as defendants assert. A simple reading of the original complaint reveals that the claim was set forth more than once in the complaint. Therefore, Judge Swent did not "add a new claim", and her ruling did not constitute an "other paper" by which it could first be ascertained that this case was removable. If the claim for academic freedom created federal jurisdiction, the suit should have been removed immediately upon service of process.

However, defendants are also mistaken in concluding that the assertion of a claim for violation of academic freedom necessarily implies a federal constitutional claim. The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which states that federal jurisdiction exists only when a federal question is presented on the face of the plaintiffs' well pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003). A plaintiff is master of his claim and he may avoid federal jurisdiction by exclusive reliance on state law. Id.

In this case, plaintiff does not invoke federal jurisdiction and a reading of the complaint, as amended, reveals that only traditional state law claims are asserted including defamation, damages for emotional distress, and breach of contract.

Further, plaintiffs' assertion of violations of their academic freedom is not necessarily a federal constitutional claim[1], but could pertain to claims in contract[2], violation of academic freedom policies set forth, for example, in the by-laws or faculty handbook[3], or arguably could arise under the Louisiana constitution[4]. In the context alleged in the petition, it is likely that only state law claims are being asserted with regard to the academic freedom claims. However, even if the academic claims set forth in the petition are federal constitutional claims, removal should have been filed earlier, as discussed above.

Finally, defendants could have easily read that the complaint included a claim for violation of academic freedom and concluded that the state court ruling did not constitute an other paper on which removal could be based. therefore, imposition of attorney fees is warranted.

---

[1] Although academic freedom is a well recognized constitutional doctrine (though not a right), Moody v. Jefferson Parish School Board, 2 F. 3d 604, 605 (5th Cir. 1993),"its perimeters are ill-defined and the case law defining it is inconsistent. Its roots have been found in the first amendment insofar as it protects against infringements on a teacher's freedom concerning classroom content and method. Hillis v. Stephen F. Austin State University, et al, 665 f.2d 547 (5th Cir. 1982). Yet the doctrine has also been said to have originated from tenure which sought to protect academic freedom by preventing arbitrary or repressive dismissal. Thorne v. Monroe City School Board, 542 So.2d 490, 491 (La. 1989)

[2] See, for example, Olivier v. Xavier University, 553 So. 2d 1004 (La. App. 4C, 1990).

[3] See, for example, Stanton v. Tulane University of Louisiana, 777 So. 2d 1242 (La. App. 4C, 2001).

[4] See Louisiana Constitution, Art. 1, §7.

For the reasons above, IT IS RECOMMENDED that plaintiffs' Motion to Remand, Doc. # 15, be GRANTED and that this case be REMANDED to the 9th Judicial District Court, Parish of Rapides, State of Louisiana.

It is FURTHER RECOMMENDED that attorney fees in the amount of $2,000 be assessed for the wrongful removal.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 7th day of November, 2006.

_____
JAMES D. KIRK
United States Magistrate Judge